## Blondon Fieldstack, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 18,284.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed December 22, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by Blondon Fieldstack against Chicago City Railway Company to recover damages for injuries sustained by plaintiff while alighting from one of defendant's street cars at a street intersection and alleged to have been caused by the slanting and slippery condition of the street leading down to the street car track. To reverse a judgment of *nil capiat* and for costs against the plaintiff, plaintiff prosecutes this writ of error.

RICHARD J. FINN, for plaintiff in error.

JOHN E. KEHOE and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 493*—*when instructions not misleading.* In an action for injuries sustained by plaintiff while alighting from a street car, instructions proper on the subject of due care on the part of plaintiff *held* not objectionable as misleading because they were drawn on the theory that the negligence charged is the negligence of the defendant in the operation of its car.

2. CARRIERS, § 482*—*when instruction not reversibly erroneous or misleading.* Instruction which begins, "It is not every accident that makes a railway company liable for damages to the person injured by its cars," *held* not reversibly erroneous or misleading because it speaks of a person "injured by its cars" when plaintiff was "injured by the car" although the negligence charged was not in its operation.

3. CARRIERS, § 493*—*when instruction on care required of plaintiff not erroneous.* Instruction requiring the plaintiff to exercise prudence and vigilance for his own safety, *held* not misleading and reversibly erroneous because it contains the word "vigilance."

4. CARRIERS, § 493*—*when instruction on care required of plaintiff not erroneous.* Instruction not directing a verdict but stating an abstract proposition of law defining "ordinary care" and referring the definition "to the situation and position" a person "is

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

about to take," in which he "finds himself," *held* not erroneous as not confining the plaintiff's duty to exercise care to the time and place of the accident.

5. INSTRUCTIONS, § 48*—*when instruction on weight of testimony not erroneous.* Instruction relating to the weight of testimony containing the expression "it is the duty of the jury to receive the testimony of such witness," *held* not objectionable because the word "receive" means "admit as true."

6. INSTRUCTIONS, § 82*—*when not improper as mentioning the name of a witness.* Fact that plaintiff's name is introduced in an instruction as to the weight of the testimony, *held* not objectionable where plaintiff's name is not mentioned as a witness.